GEORGE J. LOW, Respondent, *v.* FREDERICK MUNROE DYER, Also Known as F. MUNROE DYER, Appellant.

First Department, April 8, 1921.

Contracts — consideration — action to recover additional compensation for special services rendered — effect of release which plaintiff signed in belief that it was receipt only.

In an action to recover a balance alleged to be due under a written agreement made by the defendant with the plaintiff which recited " Confirming my verbal agreement with you for extra compensation to you for your special

services in estimating the value  *  *  *  also confirming my personal conversation with you and my subsequent conversation by telephone, I agree now to give you Ten Thousand Dollars  *  *  *  and I guarantee that this payment will be made to you within thirty days from this date," it appeared that the plaintiff before rendering the special services had been in defendant's employ; that after entering upon the special services mentioned in the agreement the plaintiff was made president of a corporation at a fixed salary and that the defendant pursuant to an agreement gave the plaintiff certain stock in that corporation; that at the time the stock was given to the plaintiff he signed what was represented to him to be a receipt for the stock, but which was, in fact, a general release by the plaintiff individually and as an officer, etc., of the corporation to the defendant, and that thereafter the agreement in suit was executed. The defendant pleaded as a defense that there was no consideration for the agreement.

*Held,* that the fact that the services for which the plaintiff was to receive additional compensation were special services, establishes a sufficient consideration.

The release was not pleaded by the defendant and no motion was made to dismiss the complaint on the ground that the release disproved the existence of any consideration and that no new consideration had been shown, but the question of consideration and as to whether the plaintiff was induced to execute the release in the belief that it was a receipt was submitted to the jury, and on the evidence the jury was warranted in finding that the release was not intended to relate to the claim in suit, and that if it was, the plaintiff was induced to sign it by a material misrepresentation, and, therefore, was not bound by it.

APPEAL by the defendant, Frederick Munroe Dyer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of November, 1920, on the verdict of a jury for $5,140, and also from an order entered in said clerk's office on the 15th day of November, 1920, denying defendant's motion for a new trial made upon the minutes.

*William J. Dawley* of counsel [*William A. Sweet,* attorney], for the appellant.

*Russell W. Leary,* for the respondent.

LAUGHLIN, J.:

The recovery was for a balance of $5,000 unpaid on an agreement in writing made by the defendant with the plaintiff on the 8th of April, 1920, as follows:

" GREENPORT, SUFFOLK COUNTY, N. Y.
"*April 8th*, 1920.

" Mr. GEORGE J. LOW,
            " Greenport, L. I.:

" Confirming my verbal agreement with you for extra compensation to you for your special services in estimating the value and in selling the machinery of the Woodbury Granite Company; also confirming my personal conversation with you and my subsequent conversation by telephone I agree now to give you Ten Thousand Dollars ($10,000.00) in current funds as soon as I receive bill of sale for the Hydro-Electric properties from Mr. W. C. Clifford and I guarantee that this payment will be made to you within thirty days from this date.                    Signed   F. MUNROE DYER."

The defendant admitted the making of the agreement by failing to deny it, and alleged as defenses that it was made without consideration, and that the balance was not due and was not to become due until thirty days after he received the bill of sale referred to in the agreement. The defendant, however, by the agreement plainly guaranteed that payment would be made within thirty days; and, therefore, the only point requiring discussion is whether there was any consideration for the agreement.

The plaintiff, called by defendant, testified that he entered the employ of the defendant on the 17th of April, 1917, and continued in his employ until the 1st of July, 1919; that there was no definite arrangement with respect to his salary, but that he had a drawing account of $300 per month; that in the month of April, 1918, the defendant came to him and said that a man named Clifford was there and had a proposition from the owners of the Woodbury Granite Company for the sale of its business, and that Clifford was desirous of having him finance it on a " fifty-fifty " basis; and that as he knew nothing about machinery and plaintiff was very experienced with respect thereto, he would like to have him look over an inventory of the machinery which Clifford had and see what it was worth; that he did so and informed defendant that he would not express an opinion with respect to the machinery without seeing it, but that the inventory looked good and like a

Christmas present and he doubted whether Clifford had authority to make the offer; that at the request of the defendant Clifford went to Boston and obtained written authority, and on his return with it the defendant asked the witness to go to Vermont with him to look at the machinery and they went there, remaining several days and examined it, and after returning he advised the defendant that it was a good proposition and to accept it, and the defendant did so and stated that as he knew nothing about machinery he would depend on the plaintiff to handle the sale of it; that the witness then said to the defendant that they could consolidate the Woodbury Granite office with the defendant's office in New York, and that he would need a stenographer and could go on without any interference with the defendant's office; that this was done, and the services of the Woodbury Granite Company's stenographer were retained to assist the plaintiff; that from April seventeenth to July first he devoted all his time to that work, occasionally going to the defendant's office downtown; and that on July first the defendant made him president of the Greenport Ship Company at a salary of $6,000 per annum, and he was then taken off the defendant's personal payroll; that the defendant instructed him to spend half his time at Greenport and the other half on the Woodbury Granite proposition; that the defendant agreed to pay $150,000 for the Woodbury Granite machinery; that he sold part of the machinery for $89,000 and he continued to devote his time to disposing of it until November twenty-fifth; that the defendant had promised him some of the stock of the Greenport Ship Company and told him shortly before the 26th of January, 1920, that when he came down to the annual meeting he would give it to him, and did so on January twenty-sixth, giving him common stock of the par value of $50,000, and at the same time requested him to sign a receipt which the defendant presented, and that without reading it carefully and regarding it as a receipt for the stock he signed it. The paper referred to as a receipt was in fact a general release by the plaintiff individually and as an officer, director and stockholder of the Greenport Ship Company, Inc., to the defendant, but it was in typewriting on an ordinary sheet of typewriting paper and recited a consideration of one dollar

and other valuable consideration. The defendant did not
plead the release, but it is now claimed that it released and
discharged the defendant from any liability for services in
connection with the purchase or sale of the Woodbury Granite
Company machinery and that, therefore, there was no con-
sideration for the agreement on which the action is predicated,
which was executed on the eighth of April thereafter. The
release was signed in the presence of the defendant and of his
attorney herein, who signed it as a witness, but neither the
defendant nor his attorney controverted the testimony of the
plaintiff with respect to the representation that it was a receipt
for the stock of the Greenport Ship Company. The plaintiff
also testified that in consideration of the services rendered by
him with respect to the Woodbury Granite Company business
the defendant agreed that he was to be " in on the deal," but
that there was no definite understanding at the time with
respect to the extent of his participation, and that on his
management the defendant's expectations with respect to the
venture were more than realized. It appears that one week
prior to the execution of the release the plaintiff wrote to the
defendant, in effect, urging an adjustment with respect to his
compensation in connection with the Woodbury Granite
Company business and asking the defendant to send him his
allotment of the common stock in the Greenport Ship Company.
The plaintiff testified that at the time he signed the release,
supposing it to be a receipt, the defendant stated, in effect,
that he would take up the question of the plaintiff's com-
pensation concerning the Woodbury Granite Company business
as soon as he could and would like to have a talk with the
plaintiff and Clifford about it. He also testified that on the
8th of April, 1920, he received an agreement from the defend-
ant, stating that the unsold Woodbury Granite Company
property had been divided between him and Clifford and that,
*confirming his promise to the plaintiff when the plaintiff was*
*selling the machinery,* he agreed to give the plaintiff ten bonds
of the Woodbury Power Company or the cash for the same
when sold when he received the bill of sale from Clifford;
that they subsequently on that day had a conversation in which
the plaintiff insisted upon having cash, and that as a result
of that interview and subsequent correspondence he received

the agreement on which the action was based from the defendant on the sixteenth of April; that on the twenty-seventh of May thereafter the defendant paid $2,000 on the agreement and $3,000 on the fourth of June; and that there was no understanding or suggestion that his salary from the Greenport Ship Company was to be in lieu of compensation for the services specified in the agreement. It is to be inferred from the plaintiff's testimony, which is uncontroverted, that there was no suggestion at any time after he signed the release that it released the defendant from his liability to the plaintiff for these special services for which the plaintiff subsequently voluntarily executed the agreement and performed his promise therein contained to the extent of paying one-half of the amount.

We have, therefore, evidence of the defendant's admission in writing that these were special services for which the plaintiff was to receive additional compensation, which sufficiently establishes consideration. The only arguable point is as to whether the plaintiff's claim is without consideration on the theory that it was released by the paper he signed on the 26th of January, 1920. No motion was made to dismiss the complaint on the ground that the release disproved the existence of any consideration and that no new consideration had been shown, but defendant, upon resting, and before plaintiff rested, moved for a direction of a verdict on the grounds that there was no consideration for its agreement and that if there was it had been released. The court submitted the question of consideration and as to whether the plaintiff was induced to execute the release in the belief that it was a receipt to the jury on the uncontroverted testimony of the plaintiff. Counsel for the defendant requested the court to charge that the release was a general release as to all matters at the time, and that the plaintiff was not entitled to a verdict unless the jury found some new and valid consideration moving from the defendant to the plaintiff thereafter, and excepted to the court's refusal so to charge. There was no such evidence, but, as already observed, there was no motion for a dismissal or direction of a verdict on that ground.

In view of the fact that the release refers to the Greenport Ship Company, Inc., and contains no reference to the

Woodbury Granite Company business, and of the fact that both the defendant and his attorney were in a position to controvert the testimony of the plaintiff to the effect that it was represented to him that the paper was a receipt for the Greenport Ship Company's stock, and of the fact that at the same time there was a discussion with respect to a future meeting for the adjustment of the claim for which the agreement was subsequently given, and of the fact that the defendant never claimed that this claim was released, I think that the fair inference from the testimony is, and the jury were warranted in finding as they did, that the release was not intended to relate to this claim and that if it was, the plaintiff was led to sign it by a material misrepresentation, and, therefore, was not bound by it.

It follows that the judgment and order should be affirmed, with costs.

Clarke, P. J., Dowling, Smith and Greenbaum, JJ., concur.

Judgment and order affirmed, with costs.